UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PRESTON STEVENS

CIVIL ACTION

VERSUS

NUMBER 11-154-BAJ-SCR

ENERGY XXI GOM, LLC, ET AL

**<u>NOTICE</u>**

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

   In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, May 18, 2011.

                          s/ *Stephen C. Riedlinger*
                             STEPHEN C. RIEDLINGER
                             UNITED STATES MAGISTRATE JUDGE


Report   Background   Applicable Law   Analysis   Conclusion   Recommendation

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PRESTON STEVENS

VERSUS

ENERGY XXI GOM, LLC, ET AL

CIVIL ACTION

NUMBER 11-154-BAJ-SCR

## **MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Preston Stevens. Record document number 6. The motion is opposed.[1]

Based on the undisputed facts and the applicable law as set forth below, the defendants have met their burden of demonstrating that the court has jurisdiction under Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1349(b)(1), and that this case was properly removed.

### **Background**

Plaintiff filed this suit in state court on November 15, 2010

---

[1] Record document number 7.

Report  Background  Applicable Law  Analysis  Conclusion  Recommendation

against defendants Energy XXI GOM, LLC and Energy XXI (Bermuda) Limited. Plaintiff alleged that on or about November 17, 2009 he was employed by RBG USA Inc. and working on an offshore facility operated by the defendants which was located at South Timbalier Block 21. Plaintiff alleged further that during the performance of his job duties he was required to travel by crew boat from the defendants' main facility to a satellite location, and transfer from the boat in a personnel basket that was lifted and moved horizontally by a crane set on the satellite facility. According to the plaintiff's allegations, at the time of his transfer off the crew boat the sea and weather were rough, which caused the boat to pitch and roll in relation to the facility with the crane. As a result, while the plaintiff was on the ring of the personnel basket waiting to be lifted off the boat, the basket dragged across the deck into the railing causing injuries to the plaintiff.

Plaintiff claimed that the legal and proximate cause of the accident and the injuries he sustained was the negligence of the defendants.[2] Plaintiff alleged at the end of his petition that:

> The accident and injuries suffered by Plaintiff occurred on a vessel while in actual navigation on the open seas of the Gulf of Mexico and during passenger disembarkation operations. This claim is subject to the

---

[2] Record document number 1-2, Exhibit A, Petition for Damages, ¶ 6 (specific list of defendants' duty and breaches of their duty that allegedly caused the accident resulting in the plaintiff's injuries).

REPORT   Background   Applicable Law   Analysis   Conclusion   Recommendation

maritime laws of the United States.[3]

Defendants removed the case alleging two grounds for subject matter jurisdiction - diversity of citizenship and a federal question under the Outer Continental Shelf Lands Act (OCSLA). 28 U.S.C. §§ 1331 and 1332 and 43 U.S.C. § 1349(b)(1). Defendants removal allegations are contained in paragraphs 2 through 6 of the Joint Notice of Removal:[4]

2.

> The alleged accident for which damages are sought in this litigation occurred on an Energy XXI platform, known as Platform K, or on a crane attached to the Energy XXI platform known as Platform D, located within South Timbalier Block 21, described as "an offshore facility" in Paragraph 2 of the Petition, which is on the Outer Continental Shelf. See, Affidavit of Steve Nelson, Exhibit "B".

3.

> Platform D is a fixed platform permanently embedded in the subsoil and seabed adjacent to the coast of Louisiana. See, Affidavit of Steve Nelson, Ex. "B". It is, therefore, an artificial island under the Outer Continental Shelf Lands Act. *See*, Affidavit of Steve Nelson; *see also Overstreet v. Transocean Offshore, Inc.,* 1998 U.S. Dist. Lexis 16159 (E.D. La. 1998).

4.

> Plaintiff, Preston Stevens, is a resident of Louisiana. Defendant, Energy XXI GOM, LLC is an entity organized under the laws of Delaware with its principal

---

[3] *Id.*, ¶ 11.

[4] Record document number 1-1, Joint Notice of Removal of a Civil Action and Petition for Removal.

Report  Background  Applicable Law  Analysis  Conclusion  Recommendation

place of business in Texas. Energy XXI(Bermuda), Ltd. is an entity organized under the laws of Bermuda with its principal place of business in Texas. See, Affidavit of Steve Nelson, Ex. "B".

5.

Based on Articles 8 and 9 of Plaintiff's Petition, the amount in controversy is in excess of $75,000, exclusive of interest and costs.

6.

South Timbalier Block 21 and the platform at issue are located on the Outer continental Shelf and the citizenship of plaintiff is diverse from all that of all defendants, providing this Court with Original Jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 43 U.S.C. § 1331, *et seq.* as a case or controversy arising under the Constitution and laws of the United States, namely the Outer Continental Shelf Lands Act, as well as diversity of citizenship of the parties.

Plaintiff moved to remand his suit to state court. Plaintiff asserted the following grounds for remand: (1) there is no diversity because he is a citizen of Texas, which is the state where he is permanently domiciled;[5] and, (2) suit was brought under general maritime law, not under OCSLA, Louisiana law adopted under OCSLA as surrogate federal law, or any other federal laws; and (3)

---

[5] Generally, state citizenship for diversity purposes is considered synonymous with domicile. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996); *Freeman v. Northwest Acceptance Corporation*, 754 F.2d 553, 555 (5th Cir. 1985).
  Plaintiff asserted that although he has had multiple temporary residences in Louisiana, he is a long time domiciliary of Beaumont, Texas.

[REPORT](#) [Background](#) [Applicable Law](#) [Analysis](#) [Conclusion](#) [Recommendation](#)

the petition does not allege that the accident occurred on or adjacent to any fixed platform located on the outer continental shelf (OCS), and the defendants' notice of removal and affidavit fail to show that the location of the accident was on the outer continental shelf.

Defendants did not dispute the plaintiff's assertion that he has a Texas domicile and citizenship for diversity purposes. Defendants focused on demonstrating that subject matter jurisdiction exists under OCSLA. Defendants argued that the plaintiff's allegations are not evaluated under the well-pleaded complaint rule because OCSLA expressly invests jurisdiction in the federal courts. Therefore, the actual facts surrounding the plaintiff's accident, rather than the facts plead by the plaintiff, determine whether there is jurisdiction under OCSLA. Defendants argued that the plaintiff's own allegations establish OCSLA jurisdiction, but even if they do not the his allegations as supplemented by their affidavits and documents establish that the case was properly removed under OCSLA.

## **Applicable Law**

Under 28 U.S.C. § 1441 the removing party bears the burden of demonstrating that the removal was proper. *Tennessee Gas Pipeline v. Houston Cas. Ins.,* 87 F.3d 150, 152 (5th Cir. 1996).

General maritime claims saved to suitors are of themselves not

removable. 28 U.S.C. § 1333; *Morris v. T E Marine Corp.,* 344 F.3d 439, 444 (5th Cir. 2003). However, the "savings to suitors" clause does not limit the right of a defendant to remove actions where there exists some other basis for jurisdiction. *Id.*; *Tennessee Gas Pipeline*, 87 F.3d at 153. Removal is appropriate if federal jurisdiction exists under a separate statute, and the Outer Continental Shelf Lands Act provides just such a basis for federal jurisdiction other than admiralty. *Id.*

OCSLA declares that "the subsoil and seabed of the outer Continental Shelf appertain to the United States and are subject to its jurisdiction, control, and power of disposition...." 43 U.S.C. § 1332(1). OCSLA not only defines the law applicable to the outer continental shelf, it also grants federal courts jurisdiction over disputes that occur there under § 1349(b)(1), which states in relevant part as follows:

> the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such mineral, or (B) the cancellation, suspension, or termination of a lease or permit under this subchapter.

The Fifth Circuit has held that the jurisdictional grant in § 1349(b)(1) is very broad. *Tennessee Gas*, 87 F.3d at 155. The test to determine the existence of federal jurisdiction under OCSLA is whether the accident arose out of or in connection with the

Report  Background  Applicable Law  Analysis  Conclusion  Recommendation

defendant's operation on the OCS.  Stated in two parts, the test is whether the case: (1) involves an operation on the OCS that involves doing some physical act in search of minerals on the OCS, preparing to extract them by drilling wells and constructing platforms, and removing the minerals and transferring them to shore; and, (2) involves a dispute that arises out of or in connection with the defendant's operation on the OCS, that is, "but for" the operation on the OCS would the case or controversy have arisen.  *Id.*, *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988); *In re: Oil Spill By the Oil Rig "Deepwater Horizon"*, 747 F.Supp.2d 704, 708 (MDL 2179, 2010).

The well-pleaded complaint rule does not bar removal when jurisdiction exists under § 1349(b)(1).  The rule does not apply to pleadings in state court that fail to invoke OCSLA, because by its own express terms OCSLA creates jurisdiction in the federal courts. *Id.; Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988).

## **Analysis**

As alleged by both the plaintiff and the defendants, the plaintiff was assigned to work duties on an offshore facility operated by the defendants in South Timbalier Block 21 (STB 21). As part of his duties, the plaintiff was directed to travel to a satellite facility by crew boat, and transfer from the boat in a

personnel basket that would be lifted and moved horizontally by a crane on the satellite facility.⁶ The affidavits of Steven L. Nelson and Rickey Giroir, with attached documents and maps,⁷ establish that: (1) the primary facility to which the plaintiff was assigned, Platform 27E, is located on the OCS; (2) the satellite facility to which the plaintiff was traveling was Platform D, and it is located in STB 21 on the OCS; and, (3) Platform D is owned and operated by defendant Energy XXI GOM, LLC, which in turn owns the mineral lease (OCSG 0263) in STB 21 on which Platform D is located. The only reasonable inference that can be drawn from these uncontested facts is that the case brought by the plaintiff is related to an operation conducted on the OCS which involves the exploration for and development of minerals, and that there would have been no alleged accident causing the plaintiff's injury "but

---

⁶ Record document numbers, 1-1 and 1-2, ¶ 2-4.

⁷ Record document number 1-3, Exhibit B, Nelson affidavit I; record document number 7-1, Exhibit A, Nelson affidavit II; record document number 7-1, Exhibit 1, Energy XXI (Bermuda) Limited Corporate Structure; record document number 7-1, Exhibit B, Giroir affidavit; record document number 7-1, Exhibit 2, map of ST 21D platform in relation to OCS; record document number 7-1, Exhibit 3, 11/17/09 vessel log for M/V Katie Grace; record document number 7-1, Exhibit C, incident report for plaintiff's accident showing 11/17/09 incident on state lease OCSG 0263 on ST 21D, four miles from shore, involving M/V Katie Grace; record document number 7-1, Exhibit E, email incident report to Minerals Management Service on 11/17/09; record document number 7-1, Exhibit F, Minerals Management Service incident report 11/18/09; record document number 7-1, Exhibit G, 11/30/09 email from Minerals Management Service stating final report of incident was accepted; record document number 7-2, Exhibit D, base map from which Exhibit 2 is taken.

REPORT   Background   Applicable Law   Analysis   Conclusion   Recommendation

for" the defendants' conducting an operation on the OCS.

Therefore, based on the undisputed facts, the defendants have satisfied their burden of establishing original subject matter jurisdiction under federal law. Because the defendants have established jurisdiction under OSCLA, neither the well-pleaded complaint rule or the plaintiff's allegations of a claim under maritime law, bar or limit the defendants' right to remove this case under § 1441. *Tennessee Gas Pipeline*, *supra*; *Sea Robin Pipeline*, *supra*.

Plaintiff's arguments in support of remand are insufficient to show that this court lacks jurisdiction under OCSLA. Plaintiff objected to Nelson's initial affidavit contending that it was based on hearsay rather than personal knowledge.[8] However, both of Nelson's affidavits indicate that the information he provided is based on personal knowledge obtained through his employment. In addition, his second affidavit and the attached exhibit showing the corporate structure of defendant Energy XXI (Bermuda) Limited, explain the basis for his knowledge in his employment as vice-president of operations for the defendants' related company, Energy Services, LLC. This company employs all the personnel who work on the platforms and facilities owned by defendant Energy XXI GOM, LLC. Plaintiff's objection that the affidavits are not based on personal knowledge is unsupported, and therefore the facts

---

[8] Record document number 1-3, Exhibit B.

contained in the affidavits are uncontested.

Plaintiff also argued that the defendants failed to establish the location of the accident was on the OCS. However, in response to the plaintiff's Motion to Remand, the defendants presented undisputed facts showing that the location of the alleged accident/injury was on the OCS, and the plaintiff offered no opposing facts, or any facts which could support a contrary conclusion. Plaintiff asserted that the incident might not have occurred on the OCS because maps show that STB 21 is right next to Louisiana water bottoms, and Energy XXI GOM, LLC operates some wells on Louisiana water bottoms in the Timbalier area. However, the plaintiff's argument amounts to speculation, which is plainly insufficient to dispute the information relevant to OCSLA jurisdiction offered by the defendants.

## Conclusion

Defendants have satisfied their burden of demonstrating subject matter jurisdiction under OCSLA. Plaintiff's Motion to Remand should be denied.[9]

---

[9] Plaintiff also argued that there is no diversity jurisdiction under § 1332(a) based on his Texas citizenship. Since the defendants have met their burden of establishing federal question jurisdiction under OCSLA it is unnecessary to determine at this time whether the court also has diversity jurisdiction. If the district judge should find that OCSLA jurisdiction is lacking, then the basis for jurisdiction under § 1332(a) would need to be addressed. If that need arises the defendants will be required to amend their citizenship allegations. Defendants appear to be
(continued...)

REPORT  Background  Applicable Law  Analysis  Conclusion  Recommendation

## **Recommendation**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Preston Stevens be denied.

Baton Rouge, Louisiana, May 18, 2011.

           S/ *Stephen C. Riedlinger*
           STEPHEN C. RIEDLINGER
           UNITED STATES MAGISTRATE JUDGE

---

[9](...continued) limited liability companies, and as such are required to specifically allege the citizenship of all their members. *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991).

REPORT  Background  Applicable Law  Analysis  Conclusion  Recommendation