# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

PRESTON STEVENS, JR.                                CIVIL ACTION

VERSUS                                              NO. 11-154-SDD-SCR

ENERGY XXI, GOM, LLC et al.

## RULING

This matter is before the Court on the *Motion in Limine*[1] filed by the Defendants, Wood Group Productions Services, Inc., and Joey Cockerham. Plaintiff Preston Stevens, Jr. has filed an *Opposition*[2] to the motion.

### I.   Factual Background

This action arises out of an incident occurring on the *M/V KATIE GRACE* on November 17, 2009. Plaintiff was a crew member who participated in an attempted basket transfer from the vessel to a fixed platform in the Gulf of Mexico. During the first attempted transfer, the vessel shifted which caused the personnel basket holding four crew members to drag across the back deck. Defendants allege three crew members got off the basket while the Plaintiff remained, and consequently, he was pushed by the basket into the railing around the engine room hatch. Plaintiff contends he was properly standing on the ring of the basket, and without warning, the basket was dragged sideways throwing him into the rail and causing him severe back injuries. Plaintiff alleges the incident was caused by the negligence of the boat operator and/or the crane, and the negligence

---

[1] Rec. Doc. No. 57.

[2] Rec. Doc. No. 59.

Doc 174                                              1

of the facility operator in allowing the use of a personnel basket in adverse weather, without a full safety analysis of the equipment, personnel and procedures. Plaintiff named as defendants K&K Offshore, the owner/operator of the crewboat; Energy XXI companies, the owner/operators of the lease facility; crane operator Joey Cockerham; Wood Group, employer of Cockerham; and ACE American, insurer for Wood Group.

Defendants Wood Group Productions Services, Inc. ("Wood Group") and Joey Cockerham ("Cockerham") have moved the Court to exclude the testimony and expert report of Robert Borison at trial because they contend his opinions constitute legal conclusions, are unreliable, are irrelevant, will not aid the Court in this case, and are inadmissible under Rule 702 of the Federal Rules of Evidence. The three opinions offered by Borison to which Defendants object are as follows:

1. The direct cause of Mr. Stevens' accident was the failure of Mr. Cockerham to evaluate the sea state and determine that the seas were too rough to make a Billy Pugh personnel net transfer.

2. A contributing cause of Mr. Stevens' accident was the failure of Mr. Cockerham to evaluate the competency of Captain Camaret to hold his vessel "stern to" the seas with sufficient amount of time to make the personnel net transfer safely.

3. A contributing cause of Mr. Stevens' accident was the failure of Mr. Cockerham to use his stop work authority to abort this personnel net transfer.[3]

## II. Law and Analysis

### A. Expert Witnesses and the *Daubert* Standard

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness

---

[3] Rec. Doc. No. 57-1, pp. 7-8, quoting Borison Report, p. 6, attached as Exhibit 1 to Rec. Doc. No. 57-1.

Doc 174　　　　　　　　　　　　　　　　　2

testimony.[4] Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"To qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'"[5] Additionally, Rule 702 states that an expert may be qualified based on "knowledge, skill, experience, training, or education."[6] "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject."[7] However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility."[8]

The United States Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702."[9] Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to

---

[4] Fed.R.Evid. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S.Ct. 2786, 2794, 125 L.Ed.2d 469, 480 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir.2006).

[5] *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir.2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir.1992)).

[6] *Hicks*, 389 F.3d at 524. *See also Kumho Tire Co.*, 526 U.S. 137, 151, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (discussing witnesses whose expertise is based purely on experience).

[7] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir.2009) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir.1999)).

[8] *Id. See Daubert*, 509 U.S. at 596.

[9] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir.2002).

Doc 174                                                                 3

Case 3:11-cv-00154-SDD-SCR   Document 61   08/09/13   Page 3 of 11

make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant."[10]

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community.[11] The reliability inquiry must remain flexible, however, as "not every Daubert factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant."[12] "Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under [Rule] 702."[13]

With respect to determining the relevancy of an expert's testimony pursuant to Rule 702 and *Daubert*, the proposed testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue."[14] "There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman

---

[10] *Burleson v. Tex. Dep't. of Criminal Justice*, 393 F.3d 577, 584 (5th Cir.2004); *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 143 L.Ed.2d 238, 249-50 (1999).

[11] *Burleson*, 393 F.3d at 584.

[12] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir.2004); *see Runnels v. Tex. Children's Hosp. Select Plan*, 167 Fed. Appx. 377, 381 (5th Cir.2006) ("[A] trial judge has 'considerable leeway' in determining 'how to test an expert's reliability.' ").

[13] *Munoz v. Orr*, 200 F.3d 291, 301 (5th Cir.2000).

[14] *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir.2003).

Case 3:11-cv-00154-SDD-SCR Document 61 08/09/13 Page 4 of 11

would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute."[15]

## B. Admissibility of Borison's Expert Report

Defendants move the Court for "an Order excluding from the trial of this matter the report and testimony of . . . Robert Borison."[16] The motion to exclude the proffered expert's report is granted. The author of the report, Robert Borison, is plaintiff's expert witness who is scheduled to testify at trial. Mr. Borison's report is hearsay. The report is not a business record under Rule 803(6). It is not a record of events made at or near the time of the event, involving regularly conducted business activity. The report is not a public record under Rule 803(8).[17]

Finally, the report is not admissible as a basis for Mr. Borison's expert opinion. The report is his opinion. As discussed below, Mr. Borison may testify about some things in the report, but the report itself is inadmissible.[18]

## C. Borison's Testimony

The Defendants have also moved for an order *in limine* preventing Borison from testifying at trial as an expert on the grounds that his expertise is not established under *Daubert* and his testimony would not aid the jury in their understanding of this case. The Defendants have cited a variety of cases where Borison has been precluded from giving opinion testimony in whole or in part.

---

[15] *Vogler v. Blackmore*, 352 F.3d 150, 156 n.5 (5th Cir.2003) (quoting Fed.R.Evid. 702 advisory committee's note)).

[16] Rec. Doc. No. 57.

[17] If any other exceptions to the hearsay rule are applicable they may be established at the time of trial.

[18] *Ake v. Gen. Motors Corp.*, 942 F. Supp. 869, 877-78 (W.D.N.Y. 1996)

Doc 174    5

Case 3:11-cv-00154-SDD-SCR   Document 61   08/09/13   Page 5 of 11

However, as Plaintiff correctly points out, "[t]he admissibility of an expert opinion is taken on a case by case basis."

    1.    Qualifications

The record reflects that Borison has over forty years experience in the marine industry and related fields. Over the years, Borison has served as manager/supervisor of the Safety Department for Amerada Hess Corporation, J. Ray McDermott, Inc., McDermott International, Inc., and president or owner of Contract Safety Consultants, Preferred Employees, and Total Safety Services, Inc.[19] Furthermore, in *Delta Towing, L.L.C. v. Justrabo*, a case involving a similar accident, Borison was accepted as an expert based on his experience as a crane safety operator, crane safety supervisor, and experience working on offshore vessels.[20] The Court also agrees with the finding in *Delta Towing* that "[t]he strength of [Borison's] credentials goes to the weight of his testimony and not its admissibility."[21] Accordingly, the Court finds that Borison's experience qualifies him to testify as an expert in this case, and any challenges to Borison's knowledge and experience are better suited for cross-examination.

    2.    Helpful to the jury

The Defendants also contend Borison's testimony would not aid the jury in this case. The

---

[19] Rec. Doc. No. 57-2, p. 2.

[20] Nos. 08-3651, 09-229, 2009 WL 3763868, *3 (E.D. La. Nov. 9, 2009).

[21] *Id.* at *4, citing *Curry v. ENSCO Offshore Co.*, 54 Fed. Appx. 407 (5th Cir. 2002)(holding that a safety director was qualified to testify as an expert in marine safety, despite the defendant's arguments that the expert was not qualified as a biomechanical engineer or any other relevant discipline); *Williams v. Warren*, 253 F.3d 700 (5th Cir. 2001)(holding that an expert was qualified to discuss broken bones even though he was not an orthopedic surgeon and that the strength of his "credentials go to the weight, not the admissibility" of his testimony).

Case 3:11-cv-00154-SDD-SCR Document 61 08/09/13 Page 6 of 11

Court recognizes the rulings in *Johnson v. Pool Company of Texas*[22] and *Pope v. Chevron U.S.A., Inc.*,[23] where the courts held that expert testimony was not necessary in personnel basket transfer cases. However, the Court is more inclined to agree with the reasoning set forth in *Henson v. Odyssea Vessels, Inc.*[24] and *Sorcic v. Sea Horse Marine, Inc.*[25] In *Henson*, the plaintiff alleged that he was injured when he was lowered in a personnel basket via crane onto the deck of a crew boat and was "violently slammed into the cluttered deck" of the waiting vessel which was operating in rough seas.[26] The defendants moved to exclude the plaintiff's liability experts arguing that all of the issues in the case could be adequately described by the eyewitnesses and expert testimony was not warranted.[27] The plaintiff argued that a lay person would not have the specialized knowledge regarding cranes, personnel transfers, vessel operations, or marine safety such that expert testimony would assist the trier of fact in making those determinations.[28] The plaintiff's expert intended to testify regarding the following: the vessel and crane operator's respective duties to stop a transfer in certain weather and sea conditions; proper crane operation using a personnel basket; safe practices in landing a personnel basket; the vessel crew member's responsibilities during a transfer; the amount of space needed to safely land a personnel basket; and industry guidelines and recommended

---

[22] No. 93-4140, 1994 WL 643113 (E.D. La. Nov. 14, 1994).

[23] No. 93-2949, 1994 WL 179938 (E.D. La. Apr. 28, 1994).

[24] No. 07-613, 2008 WL 449726 (E.D. La. Feb. 15, 2008).

[25] No. 97-2092, 1998 WL 175897 (E.D. La. Apr. 13, 1998).

[26] *Henson*, 2008 WL 449726 at *1.

[27] *Id.* at *3.

[28] *Id.*

practices regarding offshore crane operations.[29] The court held that a liability expert would assist the jury in determining facts at issue in the case but retained the ability to limit or control the scope of such testimony.[30]

Similarly, in *Sorcic*, the court addressed a motion to strike a liability expert in a case where the plaintiff was allegedly injured during a transfer of heavy equipment from the platform to the vessel by crane.[31] The defendants argued expert testimony was not needed for the jury to understand the evidence or determine the facts at issue. The court noted that the expert's report addressed:

> the need for and use of an adequate tag line and whether the tag line at issue was adequate, the difficulty associated with using a crane to place a load on a vessel's deck in heavy seas, the manner in which such loading should be accomplished in order to prevent "swing," the lack of communication between persons involved in the transfer of heavy equipment from the platform to the vessel, and the difficulty in maintaining the positioning of the vessel using the ship's engines during a platform to vessel transfer.[32]

The court held that "[t]hese subjects are not within the realm of knowledge and experience of an average jury and thus the Court finds that the testimony of plaintiff's experts analyzing the confluence of factors involved in a platform to vessel transfer would asist the trier of fact in understanding this matter."[33]

In this case, Plaintiff contends that the personnel basket transfer "does not involve application of scientific methodology, but rather technical manual skills and compliance with

---

[29] *Id.*

[30] *Id.* at *4.

[31] *Sorcic*, 1998 WL 175897 at *1.

[32] *Id.* at *2.

[33] *Id.*

Doc 174         8

operational standards" which are "not generally known by the public nor are they in many respects matters of common sense."[34] Further, Plaintiff contends that "what a crane operator can do to safely and timely to accomplish that responsibility of keeping enough slack in the cable is not a matter of common knowledge."[35] Plaintiff argues Borison can offer testimony as to the proper job performance of a crane operator, particularly in keeping sufficient slack in the line in making the transfer.[36] The Court finds that Borison's knowledge and expertise in the area of crane operations could aid the jury in understanding the facts in dispute in this case.

Although Mr. Borison's opinion testimony may aid the jury in understanding the mechanics of personnel basket transfer and crane operations, Borison will not be permitted to offer opinion testify about direct or contributing cause. Each of Mr. Borrison's conclusions opine as to either "direct" or "contributing" cause. Causation is a question of fact for the jury. The Court does not find that Mr. Borrison's opinion as to cause will assist the trier of fact in making the determination which is ultimately theirs to make.

3.  Reliability

Defendants also argue that Borison should be excluded on the grounds that his opinions are unreliable. Borison states that "[t]he investigation tool I use to investigate and analyze an accident is based on widely recognized and accepted accident investigation analysis principles and methods employed in the safety profession: the JOB SAFETY ANALYSIS (JSA) & the ROOT CAUSE ANALYSIS (RCA)." In Borison's deposition, he readily admitted that neither of these documents

---

[34] Rec. Doc. No. 59, p. 2.

[35] *Id.* at p. 4.

[36] *Id.* at p. 5.

Case 3:11-cv-00154-SDD-SCR   Document 61   08/09/13   Page 9 of 11

were provided to him; thus, they could not aid in performing his investigation of this accident. Because Borison admits that he lacked two necessary and important tools in any accident investigation of this nature, any opinion testimony that attempts to explain or theorize why or how this accident occurred is excluded.

Defendants also argue that Borison relied upon controverted facts as the basis for his opinion.[37] "Disputes as to the factual basis of an expert's opinion go to the weight of that opinion, not its admissibility, and are ripe for cross-examination."[38] Furthermore, "[s]imply disagreeing with the underlying facts relied on by an expert, is not grounds for excluding that expert under *Daubert*."[39] The Defendants may attempt to prove at trial that the Plaintiff's assumptions and the basis for his opinions are inaccurate and cross-examine Borison regarding those disputed assumptions.

In summary, the Court will exclude any opinion testimony offered by Borison relative to causation or legal conclusions of any nature. Plaintiff is also advised that Borison is only allowed to testify as to the standard industry procedures and best practices of crane operations in personnel basket transfers. Because the record reflects that Borison did not review the JSA or Root Cause Analysis and did not inspect the crane, vessel, or personnel basket in this particular accident, Borison is not permitted to give opinion testimony in the nature of accident reconstruction; that is, Borison is not permitted to give opinions as to why, or how this particular accident happened. Rather, Borison may testify only about what should or should not be done in general, and in a way

---

[37] Referring to Borison's assumption regarding "sea state". Rec. 57-1, pp. 11-12

[38] *Martinez v. Offshore Specialty Fabricators, Inc.*, No. 08-4224, 2011 WL 820313, *3 (E.D. La. Mar. 2, 2011)(*See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004)).

[39] *Id.*

Case 3:11-cv-00154-SDD-SCR   Document 61   08/09/13   Page 10 of 11

that is non-specific to the facts in this case.[40] Defendants have the right to object at trial to any testimony by Borison which falls outside the parameters set forth by the Court.

### III. Conclusion

For the reasons set forth above, the *Motion in Limine to Exclude the Robert Borison's Expert Report* is GRANTED . The *Motion in Limine to Exclude Testimony of Robert Borison*[41] is GRANTED in part and DENIED in part, subject the Court's discretion to limit the scope of Borison's testimony at trial.

**IT IS SO ORDERED.**

BATON ROUGE, Louisiana, this 9th day of August, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[40] *See Ross v. Noble Drilling Corporation*, No. 03-0015, 2005 WL 53306 (E.D. La. Jan. 5, 2005).

[41] Rec. Doc. No. 57.